UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY D. AZUKAS,                :
                                  :
    Plaintiff,                    :
                                  :
v.                                :   Case No. 3:14-cv-1244 (RNC)
                                  :
MICHAEL LAJOIE, ET AL.,           :
                                  :
    Defendants.                   :

RULING AND ORDER

Plaintiff Anthony Azukas, a Connecticut inmate, brings this action pursuant to 42 U.S.C. § 1983 claiming that during a facility search lockdown at Garner Correctional Institute ("Garner") he was not permitted to shower for five days although he suffers from a chronic skin condition that can be exacerbated by poor hygiene. Defendants are Department of Correction employees Scott Semple, Henry Falcone, Michael Lajoie and Snyder. At the time of the alleged incident they acted as Warden, Deputy Warden, District Administrator, and Counselor Supervisor, respectively. Defendants have moved for summary judgment on the grounds that there was no violation of plaintiff's rights and they are entitled to qualified immunity. I agree that a jury would have to conclude there was no violation and therefore grant the motion.

I.  Background

The parties' submissions show the following. From May 14 to

May 18, 2012, there was a general facility search at Garner. The search was performed in accordance with DOC Administrative Directive 6.7, Section 14, which requires correctional facilities to perform a facility search at least twice a year. During the search, the prison was in lockdown. Prisoners were generally restricted to their cells and not permitted to take showers. The cells at Garner are equipped with sinks with running water enabling an inmate to wash. When an inmate has a medical issue that requires a shower during a facility search, prison officials must verify in the inmate's medical file that he has a medical condition requiring a shower and then make arrangements for the inmate to shower.

Plaintiff suffers from erythematous dermatitis, a skin condition that can cause rashes and blistering. Lack of access to a shower can exacerbate the condition. Sometime during the lockdown, plaintiff informed several block officers that he needed to shower due to his skin condition. The officers said they lacked authority to permit showers and suggested he "write to medical." On May 16, plaintiff submitted a written request to Garner medical staff. He stated that his skin condition may have worsened due to his lack of access to a shower and requested to see a doctor and receive medication. That same day, he also sent a letter to Warden Semple. He stated that the facility had been on lockdown for several days, preventing access to showers,

and asked the Warden to direct him to the Administrative Directive that permits withholding showers during a lockdown. He also stated, "I have a skin condition that becomes aggravated due to excessive sweat and dirt. . . A wet facecloth just doesn't work."

During the lockdown, Deputy Warden Falcone was not made aware of any requests by the plaintiff to take a shower. Plaintiff did not inform Counselor Supervisor Snyder of his issues regarding shower access until June 1, 2012, when he sent Snyder an Inmate Request Form complaining that prison staff did not permit him to shower during the lockdown. Snyder later informed the plaintiff that inmates had been allowed to shower as soon as safety permitted.

On June 13, plaintiff filed a grievance regarding his lack of shower access during the facility search. Deputy Warden Falcone responded that prohibiting the plaintiff from showering for five days did not amount to a violation of his constitutional rights. District Administrator Lajoie upheld Deputy Warden Falcone's decision.

II. Discussion

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To avoid summary judgment, the non-moving party

3

must point to evidence that would permit a jury to return a verdict in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In determining whether this standard is met, the evidence must be viewed in the light most favorable to the non-moving party. Id. at 255. When the non-moving party is proceeding pro se, that party's filings are read liberally and interpreted to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Prison officials' "deliberate indifference . . . to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment." Young v. Choinski, 15 F. Supp. 3d 172, 181 (D. Conn. 2014). To prevail on such a claim, a plaintiff must show that (1) "the danger posed by the indifference he alleges is 'sufficiently serious,'" and (2) the defendant has acted with 'deliberate indifference to inmate health or safety' in failing to address this danger." Id. (quoting Smith v. Fischer, 500 Fed. App'x 59, 61 (2d Cir. 2012)). "Factors relevant to the seriousness of a medical condition include whether 'a reasonable doctor or patient would find it important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006)(quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)). A prison official

4

acts with deliberate indifference when he "knows that inmates face a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Here, the evidence would not permit a jury to find that any of the defendants was deliberately indifferent in violation of the Eighth Amendment.[1] Plaintiff has not shown that his skin condition gave rise to a substantial risk of serious harm unless he was allowed to shower during the lockdown. See Dolberry v. Levine, 567 F. Supp. 2d 413, 417 (W.D.N.Y. 2008) (plaintiff's allegation that he suffered a skin rash due to lack of showers was a "de minimis injury that does not give rise" to an Eighth Amendment violation); see also Brown v. Pierce, No. 05-1322, 2008 WL 619288, at *5 (C.D. Ill. Mar. 4, 2008)("[A] rash resulting from cell conditions is a de minimis injury that does not rise to the level of a constitutional violation."). But even assuming a jury could make such a finding, the evidence does not permit a finding that any of the defendants was aware of the risk and disregarded it. There is no evidence that plaintiff's need for special shower privileges was included in his medical record before the lockdown. Defendants Falcone, Snyder and Lajoie were not made aware of plaintiff's request for showers until after the

---

[1] Plaintiff's inability to prove deliberate indifference prevents him from prevailing whether his claim is understood to allege a serious medical need or the basic human need for personal hygiene.

5

lockdown.  Plaintiff's written request to Warden Semple in the middle of the lockdown did not describe the severity of his skin condition and thus failed to provide notice that lack of action could result in serious harm.

   III. <u>Conclusion</u>

   Accordingly, the defendants' motion for summary judgment is hereby granted.  The Clerk may enter judgment in favor of the defendants and close the file.

   So ordered this 27th day of September 2017.

_____/s/_____
Robert N. Chatigny
Unietd States District Judge